**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1605

XIANG YUE CUI,

                Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 7, 2011          Decided: February 18, 2011

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

William Payne, LEE & ASSOCIATES, College Park, Maryland, for Petitioner. Tony West, Assistant Attorney General, Daniel E. Goldman, Senior Litigation Counsel, Jem C. Sponzo, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xiang Yue Cui, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding of removal under the Immigration and Nationality Act, withholding under the Convention Against Torture ("CAT"), and denying her motion to remand. We deny the petition for review.

Cui's asylum application was denied because it was untimely filed and she failed to establish extraordinary circumstances or changed conditions excusing the late filing. Under 8 U.S.C. § 1158(a)(3) (2006), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or, in the alternative, established changed conditions or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009); Niang v. Gonzales, 492 F.3d 505, 510 n.5 (4th Cir. 2007). To the extent Cui claims she was denied due process in this regard, the claim is without merit.

An alien who has filed an untimely asylum application is still potentially eligible for the relief of withholding of removal. To establish eligibility for withholding of removal,

an alien must show a clear probability that, if she were removed to her native country, her "life or freedom would be threatened" because of her race, religion, nationality, membership in a social group, or political opinions. 8 U.S.C. § 1231(b)(3)(A) (2006); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means that it is more likely than not that the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984). A determination regarding eligibility for withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole, and can be reversed only if a reasonable fact finder would have to conclude that the requisite fear of persecution existed. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

When a determination regarding eligibility for removal is based on witness credibility, the credibility findings must be supported by substantial evidence. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). A trier of fact who rejects an applicant's testimony on credibility grounds must offer a "specific, cogent reason" for doing so. Figeroa, 886 F.2d at 78 (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence,

3

and inherently improbable testimony[.]" <u>Tewabe v. Gonzales</u>, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that substantial evidence supports the adverse credibility finding. We further conclude that in light of the adverse credibility finding, substantial evidence supports the finding that Cui failed to establish past persecution or that she has a well-founded fear of future persecution. Thus, the record does not compel a different result with respect to the denial of withholding of removal. In addition, substantial evidence supports the finding that Cui failed to establish entitlement to relief under the CAT. 8 C.F.R. § 1208.16(b) (2010). We also conclude that the Board did not abuse its discretion in denying the motion to remand. <u>Obioha v. Gonzales</u>, 431 F.3d 400, 408 (4th Cir. 2005)

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>